# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
### CHATTANOOGA DIVISION

| | | |
|---|---|---|
| BENNIE JOE POTEET, II INDIVIDUALLY AND BY AND THROUGH HIS NEXT FRIEND EVELYN POTEET, | § § § § § § | |
| | | CASE NO. 1:05-CV-309 |
| **PLAINTIFFS** | § § | **COMPLAINT FOR DAMAGES** |
| | § | Edgar/Lee |
| **Vs** | § § | |
| POLK COUNTY, TENNESSEE; POLK COUNTY, TENNESSEE SHERIFF'S DEPARTMENT; BILL DAVIS, IN HIS OFFICIAL CAPACITY AS SHERIFF OF POLK COUNTY, TENNESSEE; BOBBY COPELAND, INDIVIDUALLY AND IN HIS CAPACITY AS A DEPUTY AND CHIEF CORRECTIONAL OFFICER OF THE POLK COUNTY SHERIFF'S DEPARTMENT; JOSHUA RAY JENKINS, INDIVIDUALLY AND IN HIS CAPACITY AS A DEPUTY AND CORRECTIONAL OFFICER OF THE POLK | § § § § § § § § § § § § § § § § § § § § § § § | **JURY TRIAL DEMANDED** |

1

| | |
|---|---|
| **COUNTY SHERIFF'S** | § |
| **DEPARTMENT, JOHN** | § |
| **DOE NUMBERS 1** | § |
| **THROUGH 3,** | § |
| **INDIVIDUALLY AND IN** | § |
| **THEIR CAPACITIES AS** | § |
| **DEPUTIES OF THE POLK** | § |
| **COUNTY SHERIFF'S** | § |
| **DEPARTMENT;** | § |
| **NATIONAL** | § |
| **HEALTHCARE OF** | § |
| **CLEVELAND, INC., D/B/A** | § |
| **CLEVELAND** | § |
| **COMMUNITY HOSPITAL;** | § |
| **HUGH ROBISON** | § |
| **CALDWELL, JR., M.D.;** | § |
| **ADAM E. FALL, M.D.;** | § |
| **AND JOHN DOE** | § |
| **NUMBERS 4 THROUGH** | § |
| **12.** | § |
| | § |
| **DEFENDANTS** | § |

## COMPLAINT

COMES NOW Bennie Joe Poteet, II, both individually and by and through his next friend Evelyn Poteet, Plaintiffs herein (hereinafter referred to as "Plaintiff"), and state this their cause of action against the above named defendants and respectfully show the Court as follows:

2

## PARTIES AND JURISDICTION

1.

Plaintiff Bennie Joe Poteet, II is a resident of McMinn County, Tennessee. Plaintiff Bennie Joe Poteet, II is an incapacitated adult as a result of the injuries sustained which are the subject of this action and brings this action in his individual capacity and acting by and through his mother and next friend, Evelyn Poteet.

2.

Defendant Polk County, Tennessee ("Polk County") is a political subdivision of the State of Tennessee which is subject to suit. Polk County is subject to the jurisdiction of this Court and may be served with process by and through its County Mayor Hoyt Firestone at the Polk County Courthouse, 101 Main Street, Benton, Tennessee 37307.

3.

Defendant Polk County Sheriff's Department ("Polk County Sheriff's Department") is a department, agent and agency of Polk County. Polk County Sheriff's Department is subject to the jurisdiction of this Court and may be served with process by and through Defendant Bill Davis, who is Sheriff of the Polk County, at 6034 Highway 411, Benton, Tennessee 37307.

3

4.

Defendant Bill Davis ("Defendant Davis") is a citizen and resident of Polk County, Tennessee and is subject to the jurisdiction of this court. This suit is brought against Defendant Davis in his official capacity as the Sheriff of Polk County, Tennessee. Defendant Davis may be served with process at the Polk County's Sheriff's Department located at 6034 Highway 411, Benton, Tennessee 37307.

5.

Defendant Bobby Copeland ("Defendant Copeland") is a citizen and resident of Polk County, Tennessee. This suit is brought against Defendant Copeland, individually and in his official capacity as a deputy and the Chief Correctional Officer of the Polk County Sheriff's Department. Defendant Copeland may be served with process at the Polk County Sheriff's Department located at 6034 Highway 411, Benton, Tennessee 37307.

6.

Defendant Joshua Ray Jenkins ("Defendant Jenkins") is a citizen and resident of Polk County, Tennessee. This suit is brought against Defendant Jenkins, individually and in his official capacity as a deputy and/or correctional officer of the Polk County Sheriff's Department. Defendant Jenkins may be served

4

with process at the Polk County Sheriff's Department located at 6034 Highway 411, Benton, Tennessee 37307.

7.

On information and belief, Defendants John Does 1 through 3 are deputies and/or correctional officers of the Polk County's Sheriff's Department or otherwise employees of Polk County and are subject to the jurisdiction of this Court. This action is brought against Defendants John Does 1 through 3 both individually and in their official capacities as employees of either Polk County or Polk County Sheriff's Department.

8.

The Defendant National Healthcare of Cleveland, Inc., d/b/a Cleveland Community Hospital (the "Defendant Cleveland Community Hospital") is a Delaware Corporation authorized to transact business in the State of Tennessee. The Defendant Cleveland Community Hospital owns and operates a hospital located in Bradley County, Tennessee and is subject to the jurisdiction of this Court. The Defendant Cleveland Community Hospital may be served with process by and through its CEO and registered agent Jim Coleman at 2800 Westside Drive, NW, Cleveland, Tennessee 37312.

5

9.

The Defendant Hugh Robison Caldwell, Jr. (the "Defendant Caldwell") is a physician licensed to practice medicine in the State of Tennessee. Upon information and belief, Plaintiff states that the Defendant Caldwell is a resident of Bradley County, Tennessee and is subject to the jurisdiction of this Court. The Defendant Caldwell may be served with process at 2725 Keith Street NW, Cleveland, Tennessee 37312.

10.

The Defendant Adam Fall (the "Defendant Fall") is a physician licensed to practice medicine in the State of Tennessee. Upon information and belief, Plaintiff states that the Defendant Fall is a resident of Bradley County, Tennessee and is subject to the jurisdiction of this Court. The Defendant Fall may be served with process at 2800 Westside Drive NW, Cleveland, Tennessee 37312.

11.

The Defendants John Does 4 through 12 are various nurses, physicians or other medical professionals employed by or acting as agents of the Defendant Cleveland Community Hospital. The Defendants John Does 4 through 12 are subject to the jurisdiction of this Court.

6

12.

Count I of this action arises in part under the Civil Rights Act of 1871, as amended, the provisions of 42 U.S.C. § 1983 and § 1988. The jurisdiction of this court is invoked pursuant to the provisions of 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367. The Court has pendant jurisdiction over the causes of action in Counts II through VI hereof under the provisions of 28 U.S.C. § 1367.

13.

The Defendants referenced in paragraphs 2 through 7 hereof are sometimes collectively referred to as the "Law Enforcement Defendants". The Defendants referenced in paragraphs 8 through 11 hereof are sometimes collectively referred to as the "Medical Provider Defendants".

14.

The acts and omissions described hereafter occurred within the confines of the United States District Court for the Eastern District of Tennessee, Chattanooga Division, and venue properly lies in this court.

15.

All Law Enforcement Defendants named herein were, at all times and in all actions material to this Complaint, acting under color of law and within the course

7

and scope of their employment with their respective employer, the same being Polk County, Tennessee and/or the Polk County, Tennessee Sheriff's Department.

16.

All Medical Provider Defendants named herein were, at all times and in all actions material to this Complaint, acting in their capacities of agents, contractors and/or employees of the Defendant Cleveland Community Hospital and were acting within the course and scope of their agency, employment or contractual duties.

## FACTUAL BACKGROUND

17.

On or about November 10, 2004, Plaintiff was a healthy adult male with no signs of physical or neurological distress. On November 10, 2004, Plaintiff did not consume alcohol and was in the company of his father.

18.

At approximately 10:00 a.m. on November 10, 2004, Plaintiff was taken into custody at his parents' home by Ocoee Bonding. Plaintiff was taken into custody because he allegedly wrote and delivered a check to Ocoee Bonding which was returned for insufficient funds.

8

19.

Plaintiff was driven from his parents' property by Oconee Bonding and delivered to the Polk County Sheriff's Department. Polk County Sheriff's Department took Plaintiff into custody on November 10, 2005, and plaintiff was incarcerated and detained in the Polk County Correctional Facility.

20.

At the time Plaintiff was taken into custody and incarcerated, he was not in any type of physical or neurological distress.

21.

While in the custody and care of the Polk County and the Polk County Sheriff's Department, plaintiff was violently restrained and otherwise subjected to excessive physical force and was unnecessarily physically abused by John Does 1 through 3, who were on duty and acting within the course and scope of their employment with either Polk County or the Polk County Sheriff's Department.

22.

As a direct and proximate result of the physical abuse referenced above, Plaintiff began to suffer from what appeared at the time to be seizures.

9

23.

While in the custody and care of the Polk County Sheriff's Department at the Polk County Correctional Facility, the Polk County Sheriff's Department and its officers, including Defendant Davis, Defendant Copeland, Defendant Jenkins and Defendants John Does 1 through 3, were responsible for Plaintiff's care and were obligated to obtain necessary medical treatment for plaintiff while he was in their custody and care.

24.

The correctional officers on duty with Polk County Sheriff's Department on November 10, 2004, and overnight into the morning hours of November 11, 2004, including the Defendant Davis, the Defendant Copeland, the Defendant Jenkins and the Defendants John Does 1 through 3, failed to seek timely medical attention for Plaintiff.

25.

Medical attention was not sought for Plaintiff by any of the Law Enforcement Defendants until approximately 9:40 a.m. on November 11, 2004. In response to a call by the Law Enforcement Defendants, an emergency medical technician ("EMT") arrived at the Polk County Correctional Facility at approximately 9:43 a.m. on November 11, 2004.

10

26.

Upon arrival, the EMT found Plaintiff lying nude on a mattress in the

hallway of the Polk County Correctional Facility. The EMT witnessed Plaintiff

having what appeared at the time to be seizures and chewing on his tongue.

Plaintiff was otherwise unresponsive.

27.

After an initial evaluation, the EMT advised Defendant Copeland that

Plaintiff's condition was not stable and that Plaintiff he needed to be transported to

a hospital immediately. Defendant Copeland responded to the EMT that Plaintiff

was not ill and did not need to be transported. Defendant Copeland interfered with

the EMT's ability to transport Plaintiff to a hospital.

28.

Believing that Plaintiff's situation was life threatening, the EMT eventually

ignored the commands of Defendant Copeland and transported Plaintiff to the

Defendant Cleveland Community Hospital. During the transport, Plaintiff was

unconscious and responsive only to painful stimuli.

29.

The Law Enforcement Defendants responsible for the custody and care of

Plaintiff failed to notify anyone, including his family, that Plaintiff was in severe

11

medical distress and had been transported to a hospital and failed to provide

information to the Defendant Cleveland Community Hospital regarding Plaintiff's

condition.

30.

Plaintiff arrived at Defendant Cleveland Community Hospital at

approximately 11:00 a.m. on November 11, 2004. Upon arrival, Plaintiff was

unresponsive, in severe distress, was unable to communicate the events of

November 10th and 11th or to provide an accurate medical history to his medical

care providers.

31.

It was later determined that Plaintiff suffered a brain stem stroke. The stroke

was initially caused by excessive restraint and physical abuse of Plaintiff by the

Law Enforcement Defendants, including but not limited to the Defendants John

Does 1 through 3, while he was in their custody and care. Specifically, the lateral

rotation and extension of Bennie Poteet's head and neck caused a dissection of his

vertebral or basilar artery and the resulting stroke.

12

32.

Plaintiff was admitted into the care of Defendant Cleveland Community Hospital on November 11, 2004. While in the care of Defendant Cleveland Community Hospital, Plaintiff was treated and under the medical supervision and care of the Defendant Caldwell, Defendant Fall and other currently unknown physicians named as Defendants John Does 4 through 7.

33.

While in the care of Defendant Cleveland Community Hospital, Plaintiff was also under the medical supervision and care of certain unknown nurses and other medical professionals named as Defendants John Does 8 through 12.

34.

The Health Care Provider Defendants who evaluated and treated Plaintiff while he was a patient at Defendant Cleveland Community Hospital were acting within the scope and course of their employment at Defendant Cleveland Community Hospital or were otherwise agents of the same.

35.

Plaintiff was transferred by the Defendant Cleveland Community Hospital to Erlanger Medical Center on or about November 13, 2005.

13

36.

Although Plaintiff miraculously survived the events referenced herein, he has lost nearly all motor function as a result of the above mentioned stroke. In addition, although Plaintiff is fully cognizant and aware of his surroundings and discomfort, he is unable to move or care for himself and is confined to a nursing home bed for the remainder of his life due to the permanency of his injuries.

## COUNT I

## 42 U.S.C. § 1983 CLAIMS

37.

Plaintiff incorporates paragraphs 1 through 36 of his Complaint as fully and to the same extent as if set forth verbatim herein.

38.

At all times material to this complaint, Defendant Polk County, by and through its Sheriff's Department and Correctional Department had in effect policies, procedures and customs which were a direct and proximate cause of the injuries which occurred to Plaintiff as set forth in herein.

14

39.

All acts and/or omissions of the Law Enforcement Defendants were taken in accordance with and pursuant to the policies and customs of the Polk County Sheriff's Department and/or Polk County.

40.

The Eighth Amendment of the United States Constitution, the Constitution of the State of Tennessee, and federal and state law protect inmates from abuse by correctional officers.

41.

The Law Enforcement Defendants, under both the Eighth Amendment of the United States Constitution, the Constitution of the State of Tennessee and federal and state law had an obligation to enact meaningful policies and procedures for responding to inmate heath issues and to obtain appropriate medical care for individuals in the custody of the Polk County Correctional Facility, including Plaintiff. Polk County and the Polk County Sheriff's Department failed to enact policies to address the aforementioned issues.

42.

The effect of the acts and/or omissions of the Law Enforcement Defendants, both jointly and severally, was to subject Plaintiff to violent and abusive acts

15

during his incarceration in violation of the Eighth Amendment to the United States Constitution, the Constitution of the State of Tennessee and the statutory provisions of the United States and the State of Tennessee.

43.

Additionally, the effect of said acts and/or omissions was to subject Plaintiff to additional pain and suffering and the exacerbation of his injuries by failing to provide aid or medical treatment, which constitutes cruel and unusual punishment in violation for the Eighth Amendment to the United States Constitution.

44.

Additionally, the effect of said acts and/or omissions was to subject Plaintiff to the violent, abusive, and excessive use of force by the Law Enforcement Defendants in taking Plaintiff into custody and detaining Plaintiff, which said use of force was objectively unreasonable under the circumstances.

45.

The result of the aforementioned acts and omissions was to deprive Plaintiff of the protection of law afforded to him by the Constitution of the United States, the Constitution of the State of Tennessee and the statutory provisions of the United States and the State of Tennessee.

16

46.

The polices (or lack thereof), acts and/or omissions of Polk County and the Polk County Sheriff's Department and the Law Enforcement Defendants named herein, both jointly and severally, combined to directly and proximately cause permanent and severe injuries and damage to Plaintiff. As a direct and proximate result of the Law Enforcement Defendants' actions, omissions and deprivation of Plaintiff's Constitutional rights, Plaintiff brings this action to recover damages pursuant to the provisions of 42 U.S.C. § 1983 for the losses and damages described hereinafter.

47.

The acts and/or omissions of the Law Enforcement Defendants described herein, whether taken jointly or severally, were reckless and constituted willful indifference on the part of said Law Enforcement Defendants to the statutory duties owed to Plaintiff and evidence conscious indifference on their parts toward Plaintiff and/or the consequences of said Law Enforcement Defendants' actions. The acts and/or omissions of the Law Enforcement Defendants, both jointly and severally, entitle Plaintiff to recover punitive damages from said Law Enforcement Defendants to deter like conduct in the future.

17

48.

As a direct and proximate result of the acts and/or omissions of the Law Enforcement Defendants, Plaintiff was deprived of his rights under the Constitutions of the United States and the State of Tennessee and Plaintiff is entitled to recover their attorneys' fees and expenses of litigation pursuant to the provisions of 42 U.S.C. § 1988.

## COUNT II

49.

Plaintiff incorporates paragraphs 1 through 48 of his Complaint as fully and to the same extent as if set forth verbatim herein.

50.

As a sole, direct and proximate cause of the acts and/or omissions of all Law Enforcement Defendants, both jointly and severally, Plaintiff has suffered severe, permanent and disabling bodily injuries, both mental and physical and Plaintiff has suffered excruciating pain and agony, and will continue to suffer the same. Plaintiff has suffered other economic losses, including lost wages and present and continuing future medical expenses as a result of the acts and omissions of the Law Enforcement Defendants. Plaintiff has further been deprived of his ability to enjoy

18

a normal and happy life. Plaintiffs sue all Law Enforcement Defendants, both jointly and severally, for the same.

## COUNT III

### 51.

Plaintiff incorporates paragraphs 1 through 50 of his Complaint as fully and to the same extent as if set forth verbatim herein.

### 52.

Count III of this Complaint is brought against Defendants Copeland, Jenkins, John Doe 1, John Doe 2 and John Doe 3, in their individual capacities.

### 53.

In the interest of Plaintiff's right of personal inviolability of his body, any unlawful, non-consensual touching by another causing a physical injury to the person of Plaintiff constitutes an actionable tort to, to wit: Battery.

### 54.

Defendants Copeland, Jenkins, John Doe 1, John Doe 2 and John Doe 3 committed an unlawful, offensive and non-consensual touching of Plaintiff by restraining him with excessive force about his head and neck, striking him and dragging him across the ground by his head and neck. By virtue of these acts of offensive touching, said Defendants committed the intentional tort of battery.

19

55.

Battery, being an intentional tort, authorizes the recovery of attorney's fees and expenses of litigation.

56.

Because the battery as committed by the above referenced Defendants is an intentional tort, Plaintiff is also authorized to recover punitive damages from said Defendants in an amount sufficient to deter them from like conduct in the future.

## COUNT IV

57.

Plaintiff incorporates paragraphs 1 through 56 of his Complaint as fully and to the same extent as if set forth verbatim herein.

58.

Count IV of Plaintiff's Complaint is brought against Defendants Copeland, Jenkins, John Doe 1, John Doe 2 and John Doe 3 in their individual capacities.

59.

The conduct of the said Defendants toward Plaintiff was intentional and reckless. The conduct of said Defendants towards Plaintiff on November 10, 2004 and November 11, 2004, was also extreme and outrageous. As a result of the conduct of said Defendants, Plaintiff has suffered emotional distress and the

20

emotional distress suffered by Plaintiff was and continues to be severe. The conduct of said Defendants constitutes the tort of intentional infliction of emotional distress.

60.

Intentional infliction of emotional distress, being an intentional tort, constitutes bad faith and thus authorizes the recovery of attorney's fees and expenses of litigation.

61.

Because intentional infliction of emotional distress is an intentional tort, Plaintiff is also authorized to recover punitive damages from said Defendants in an amount sufficient to deter them from committing the tort of intentional infliction of emotional distress in the future.

**COUNT V**

62.

Plaintiff incorporates paragraphs 1 through 61 of his Complaint as fully and to the same extent as if set forth verbatim herein.

63.

Count V of plaintiffs' complaint is brought against Defendants Copeland, Jenkins, John Doe 1, John Doe 2 and John Doe 3 in their individual capacities.

21

64.

The conduct of said Defendants toward Plaintiff constitutes negligent and reckless treatment of Plaintiff while he was in the custody of said Defendants.

65.

As a result of the negligent and reckless treatment of plaintiffs at the hands of said Defendant, Plaintiff has suffered personal injuries and has suffered both physical and mental pain and suffering and anguish. Likewise, as a result of said negligent and reckless conduct, Plaintiff has incurred medical expenses and has incurred lost wages and income.

66.

Plaintiff brings Count V of this Complaint against said Defendants, both individually and jointly and severally, to recover of said Defendants for the damage caused to Plaintiff as a result of the negligent and reckless treatment of Plaintiff by said Defendants while he was in their custody and control.

## COUNT VI

67.

Plaintiff incorporates paragraphs 1 through 66 of his Complaint as fully and to the same extent as if set forth verbatim herein.

22

68.

Plaintiff presented with neurological symptoms on November 11, 2004, that Defendant Cleveland Community Hospital was unequipped to diagnose and treat.

69.

Cleveland Community Hospital and the remaining Health Care Provider Defendants as its employees and agents failed to recognize said Hospital's diagnostic and treatment limitations and failed to immediately or otherwise timely transfer Plaintiff to an appropriate health care facility.

70.

The failure to transfer Plaintiff or the delay in doing so until November 13, 2004, constitutes medical negligence and, for the Health Care Provider Defendants, a breach of the medical standard of care. Said defendants' acts and omissions proximately caused harm to Bennie Poteet, for which the same are liable.

71.

The Health Care Provider Defendants were also negligent in failing to diagnose Plaintiff's neurological symptoms in a timely manner, which constitutes a breach of the standard of medical care required under like circumstances.

23

72.

In addition to other possible events of medical negligence, the Health Care Provider Defendants were medically negligent in the following particulars: failing to obtain an appropriate medical history; failing to timely administer and interpret diagnostic studies; inappropriate ordering and administration of medications; failure to admit to intensive care unit upon presentation; misdiagnosis or ignorance recognized or recognizable symptoms; and the inappropriate course of treatment.

73.

As a direct and proximate result of the negligence of the Health Care Provider Defendants, Plaintiff sustained severe and permanent injuries and the injuries caused or precipitated by the acts and/or omissions of the Law Enforcement Defendants were exacerbated.

WHEREFORE, Plaintiff prays:

(a) That Plaintiff have and recover a verdict and judgment from the defendants, both individually and jointly and severally, for all of Bennie Poteet's medical expenses, travel expenses, permanent disability, lost income and wages, all other economic losses and diminution in his capacity to enjoy life, including pain and suffering, both mental and physical, all whether past, present or future, in an amount not less than

24

$10,000,000.00, plus such other sums as may be shown by the evidence to have occurred since the date of the filing of this action;

(b) That plaintiffs have and recover a verdict and judgment against the defendants, both individually and jointly and severally, in such amounts as may be deemed reasonable and just by fair minded and impartial jury for punitive or exemplary damages to deter such conduct in the future;

(c) That plaintiffs have and recover their lawful attorney's fees pursuant to the provisions of 42 U.S.C. § 1988;

(d) That a jury be impaneled to try the issues when joined;

(e) That the cost of this action be cast against the defendants, both jointly and severally.

Clifton M. Patty, Jr.
Attorney for Plaintiffs
Georgia Bar #567350

P. O. Box 727
Ringgold, Georgia 30736
(706) 935-9100

C. Chad Young
Attorney for Plaintiffs
BPR# 018470
Georgia Bar No. 781732

P. O. Box 727
Ringgold, Georgia 30736
(706) 935-9100

25