UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| BENNIE J. POTEET, II, individually ) <br> and by and through his Next Friend, EVELYN ) <br> POTEET, ) <br>     *Plaintiffs*, ) <br> v. ) <br> ) <br> POLK COUNTY, TENNESSEE; POLK ) <br> COUNTY, TENNESSEE SHERIFF'S ) <br> DEPARTMENT; BILL DAVIS, in his ) <br> official capacity as Sheriff of Polk County, ) <br> Tennessee; BOBBY COPELAND, ) <br> Individually and in his capacity as a deputy ) <br> and Chief Correctional Officer of the Polk ) <br> County Sheriff's Department; JOSHUA ) <br> RAY JENKINS, individually and in his ) <br> capacity as a Deputy and Correctional ) <br> Officer of the Polk County Sheriff's ) <br> Department; JOHN DOE NUMBERS 1 ) <br> through 3, Individually and in their capacities ) <br> as Deputies of the Polk County Sheriff's ) <br> Department; NATIONAL HEALTHCARE ) <br> OF CLEVELAND, INC., d/b/a CLEVELAND ) <br> COMMUNITY HOSPITAL;HUGH ROBISON ) <br> CALDWELL, JR., M.D.; ADAM E. FALL, ) <br> M.D.; and JOHN DOE NUMBERS 4 through ) <br> 12, ) <br> ) <br>     *Defendants*. ) <br> ) <br> ) | Case No. 1:05-CV-309 <br><br> Chief Judge Curtis L. Collier |

## **MEMORANDUM**

Before the Court is a motion for summary judgment filed by one of the defendants in this case filed pursuant to 42 U.S.C. §§ 1983 and 1988. Plaintiffs Bennie Poteet, II, and his next friend Evelyn Poteet ("Plaintiffs") allege an additional cause of action against Defendant Adam E. Fall, M.D. ("Defendant") for a state law tort pursuant to the Court's supplemental jurisdiction under 28

U.S.C. § 1367. Defendant filed his Motion for Summary Judgment (Court File No. 46) and a Memorandum in Support of his motion and supporting documents (Court File Nos. 47, 48). Plaintiff Bennie Poteet, II ("Plaintiff"), by and through his next friend Evelyn Poteet, filed a response and supporting documents (Court File Nos. 88, 89, 90). Defendant did not file a reply.

After carefully considering the arguments of the parties and the applicable law, the Court will **DENY** Defendant's motion for summary judgment.

## I. STANDARD OF REVIEW

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Initially, the burden is on the moving party to conclusively show no genuine issues of material fact exist, *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003), and the Court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). However, the nonmoving party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Id.* at 323, 106 S. Ct. at 2552.

The Court determines whether sufficient evidence has been presented to make the issue of

fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). The standard for summary judgment mirrors the standard for directed verdict. *Anderson*, 477 U.S. at 250, 106 S. Ct. at 2511. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52, 106 S. Ct. at 2512. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.*; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II.　**RELEVANT FACTS**

In deciding a motion for summary judgment the Court is required to view the evidence in the light most favorable to the nonmoving party, in this case Plaintiffs. From the affidavits submitted (Court File No. 48, Attachment 2, Affidavit of Adam Emery Fall, M.D., and Court File No. 89, Affidavit of Gary A. Salzman, M.D.) the Court determines the following facts are pertinent to the consideration of this motion.

Defendant is a medical doctor who on November 11, 2004 was employed by the Cleveland Community Hospital in Cleveland, Tennessee as a physician/hospitalist (Court File No. 1, Complaint ¶ 10; Court File No. 93, Amended Complaint, ¶ 12; Court File No. 48, Attachment 2, Affidavit of Adam Emery Fall, M.D., ¶ 3). While Defendant was working at the hospital Plaintiff

was brought to the emergency department because Plaintiff had collapsed at the Polk County Correctional Facility where he was incarcerated.

Defendant discussed Plaintiff's condition with other medical personnel at the hospital (Court File No. 48, Attachment 2, Affidavit of Adam Emery Fall, M.D., ¶ 5). Defendant was given a medical history of alcohol abuse by Dr. Hugh Caldwell. Defendant was also advised Dr. Caldwell had rendered a diagnosis of acute respiratory failure and ethanol withdrawal seizures. Defendant also reviewed a Computed Tomography ("CT") scan of Plaintiff previously ordered by Dr. Caldwell. Plaintiff was breathing with the assistance of a ventilator (*id.*).

Defendant thereafter undertook care of Plaintiff and decided on a course of treatment (Court File No. 48, Attachment 2, Affidavit of Adam Emery Fall, M.D., ¶ 6). Part of this care included consultation with other physicians.

On November 13, another CT scan was ordered because it was discovered Plaintiff's eyes were not responsive. This new CT scan revealed signs of an acute brain stem injury. Thereafter a Magnetic Resonance Imaging ("MRI") examination was conducted. This examination indicated Plaintiff had suffered a stroke resulting from basilar artery thrombosis (Court File No. 48, Attachment 2, Affidavit of Adam Emery Fall, M.D., ¶ 8).

Plaintiff is now confined to a nursing home and has lost "nearly all motor function" (Court File No. 1, Complaint, ¶ 36; Court File No. 93, Amended Complaint, ¶ 38).

Plaintiff alleges Defendant's care of Plaintiff amounted to medical malpractice under Tennessee law and as a result of Defendant's negligence, Plaintiff suffered injury.

In support of his Motion for Summary Judgment Defendant submitted his affidavit and a number of documents from Plaintiff's medical records. In his affidavit Defendant offered his

opinion his medical care was within the standard of reasonable care (Court File No. 48, Attachment 2, Affidavit of Adam Emery Fall, M.D., ¶ 11).

As an attachment to his response to the motion for summary judgment, Plaintiff submitted the affidavit of Gary A. Salzman, M.D. ("Salzman") (Court File No. 89). According to the affidavit Salzman is a licensed physician in Missouri and is certified by the American Board of Internal Medicine in Pulmonary Diseases, Critical Care Medicine and Internal Medicine (*id*.). Salzman claims he was regularly engaged in the practice of medicine in the year prior to Plaintiff's injuries (*id*.). Salzman states he is "aware of the recognized standard of acceptable professional practice and care for internists and hospitalists in a community similar to the Cleveland, Bradley County, Tennessee area in the relevant time period in November of 2004." (*id*.). Salzman further asserts it is his expert opinion "based upon a reasonable degree of medical certainty, that Dr. Adam Fall failed to act with ordinary and reasonable care in accordance with the recognized standard of care in the local community in treating Bennie Poteet after he was admitted to Cleveland Community Hospital on November 11, 2004." (*id*.).

In his affidavit Salzman offers his understanding of the facts that support his opinion from his review of Plaintiff's medical records. Based upon his understanding of the facts Salzman gives his opinion that Defendant failed to act with ordinary and reasonable care when treating Plaintiff (*id.*). In Salzman's medical opinion, Defendant fell below the standard of reasonable care when he failed to realize an early stroke cannot be diagnosed by a CT scan and when he failed to order an MRI to diagnose the stroke (*id*.). Futher, Salzman's opinion is Defendant should have transferred Plaintiff to Erlanger Medical Center on November 11, 2004 to receive tissue plasminogen activator to dissolve the blood clot in his basilar artery (*id*.). In Salzman's medical opinion, Plaintiff suffered

severe neurological damage as a proximate result of the breach of the standard of reasonable care by Defendant (*id.*).

Defendant did not file a reply to Plaintiff's response. Therefore, Defendant has not challenged Salzman's expertise nor his opinion. Accordingly, the Court will accept Salzman, for the purposes of this motion, as competent to render the opinions he has offered.

### III.  ANALYSIS

Since this claim is brought under state law, the Court must look to the Tennessee law on medical malpractice to determine whether Plaintiff has offered sufficient proof to overcome Defendant's motion. Under Tennessee law there are three statutory elements of a medical malpractice claim Plaintiff must prove in order to prevail. These elements are:

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

TENN. CODE ANN. § 29-26-115(a). To succeed in its proof on a medical malpractice claim, a plaintiff is required to submit expert testimony to prove each of the three elements. TENN. CODE ANN. § 29-26-115(b). In *Moon v. St. Thomas Hosp.*, the Tennessee Supreme Court held "[t]he standard of care and the deviation from the standard of care, therefore, are not established by a reasonable person standard as in other areas of negligence law. Summary judgment, therefore, is inappropriate if competent expert testimony is conflicting." *Moon v. St. Thomas Hosp.*, 983 S.W.2d 225, 229-30 (Tenn. 1998). An expert is competent to establish the facts required for a medical

malpractice claim if he practiced a relevant specialty in Tennessee or a contiguous bordering state during the year preceding the alleged injury. TENN. CODE ANN. § 29-26-115(b).

Based upon the applicable Tennessee law, the Court concludes Plaintiff has put forth evidence that if believed would satisfy his burden of proof on each of the three statutory elements. It is undisputed Defendant treated Plaintiff. Nor is it disputed Plaintiff has suffered an injury. Plaintiff claims his injury resulted from Defendant's negligence. Defendant denies he was negligent. These conflicting contentions put the issue in dispute.

Plaintiff through the affidavit of Salzman satisfied the three statutory elements. First, Plaintiff established the applicable standard of care in the Cleveland, Tennessee area through Salzman's statement that he is knowledgeable of the standard of acceptable professional practice for hospitalists and internists in a community similar to Cleveland, Tennessee. Next, Salzman asserted Defendant failed to act with ordinary and reasonable care by not ordering tests that could determine Plaintiff's injuries, by failing to realize a CT scan could not diagnose an early stroke and by failing to promptly transfer Plaintiff to Erlanger Medical Center for proper treatment. Salzman's affidavit identified the diagnosis and treatment decisions, in his opinion, a doctor conforming to the standard of reasonable care would have made. Finally, Salzman stated Defendant's failure to meet the standard of reasonable care was the proximate cause of Plaintiff's severe neurological injuries.

## V. **CONCLUSION**

Based upon the above, the Court concludes there is a genuine issue of material fact in dispute as to whether or not Defendant committed medical malpractice. Since there is an issue in dispute,

summary judgment is not appropriate. Therefore, the Court will **DENY** Defendant's motion for summary judgment (Court File No. 46).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**