UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| BENNIE J. POTEET, II, Individually and by and through his Next Friend, EVELYN POTEET, <br><br> Plaintiffs, <br> v. <br><br> POLK COUNTY, TENNESSEE, *et al.*, <br><br> *Defendants.* | Case No. 1:05-CV-309 <br><br> Chief Judge Curtis L. Collier |

## **ORDER**

Before the Court is Plaintiffs Bennie Joe Poteet, II, individually and by and through his next friend, Evelyn Poteet's ("Plaintiffs") motion for an extension of time to file a response to Defendant National Healthcare of Cleveland, Inc. d/b/a Cleveland Community Hospital's ("Defendant") motion for partial summary judgment (Court File No. 164). Plaintiffs request that the deadline to respond to Defendant's motion be extended to March 27, 2007. As cause, Plaintiffs state in order to fully respond to Defendant's motion, it is necessary for Plaintiffs to take the deposition of a corporate representative of Defendant. Defendant filed its motion for partial summary judgment on February 12, 2007 (Court File No. 131). Under the Local Rules of the Eastern District of Tennessee, Plaintiffs had twenty (20) days after that time to file a response on or before March 4, 2007. E.D.TN. LR 7.1. Plaintiffs' motion was filed on March 5, 2007 (Court File No. 164).

The Court notes Plaintiffs' motion was filed the day after the deadline to file a response had already passed. Nonetheless, the reasons given by Plaintiffs are not sufficient to warrant an extension. When the Court holds a scheduling conference, it informs counsel for both parties they have free reign to pick the deadlines pertaining to the case since they know what is necessary to

prepare the case for trial, their schedules, and their client's schedules better than the Court. With that in mind, the Court cautions counsel the dates will not be easily changed.

Furthermore, the reasons given by Plaintiffs are not persuasive. The dispositive motion deadline in this case was February 12, 2007 (Court File No. 26). Plaintiffs did not notice Defendant for a deposition until January 23, 2007. Even though Defendant filed a motion for protective order, which was withdrawn upon agreement of the parties, Plaintiffs have not filed a motion to compel Defendant's deposition. Scheduling difficulties are not seen as a compelling reason to ignore previously agreed upon dates. Therefore, the Court **DENIES** Plaintiffs' motion (Court File No. 164).

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**