UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

BENNIE J. POTEET, II, Individually and )
by and through EVELYN POTEET, as )
conservator of Bennie Joe Poteet, II, )
  )
    *Plaintiffs*, ) Case No. 1:05-CV-309
v. )
  ) Chief Judge Curtis L. Collier
POLK COUNTY, TENNESSEE, *et al.*, )
  )
    *Defendants.* )

## MEMORANDUM

Before the Court is Defendants Adam E. Fall and National Healthcare of Cleveland, Inc., d/b/a Cleveland Community Hospital's (collectively "Defendants" or "Medical Provider Defendants") motion to dismiss (Court File No. 128). Defendants filed a memorandum in support of their motion arguing the Court lacks subject matter jurisdiction over the claims against them (Court File No. 129). Plaintiff Bennie Poteet, II, both individually and by and through Evelyn Poteet, his conservator ("Plaintiff") filed a response brief in opposition to Defendants' motion (Court File No. 171), and Defendants, in turn, filed a reply to Plaintiff's response (Court File No. 203). For the following reasons, the Court will **DENY** Defendants' motion (Court File No. 128).

### I.    STANDARD OF REVIEW

Generally, motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two varieties. First, they can come in the form of a facial attack, which merely questions or tests the sufficiency of the pleading. *Alpine Indus. v. F. T. C.*, 40 F. Supp. 2d 938, 940

(E.D. Tenn. 1998). Second, they can come in the form of a factual attack, in which case the Court must weigh the conflicting evidence to determine whether jurisdiction exists. *Id*. The Court notes these standards have been used when there is a challenge to the Court's original jurisdiction, whether it be by way of federal question or diversity jurisdiction.

In this case, Defendants do not contest the Court's original jurisdiction to hear the federal claims in this case. Instead, they challenge whether the Court has supplemental jurisdiction to hear the accompanying state-law claims. Therefore, rather than relying on the standards referenced above, the Court's review will be limited to 28 U.S.C. § 1367, the statute which codifies the principle of supplemental jurisdiction. Upon a determination of whether the Court has supplemental jurisdiction over Plaintiff's state-law claims, the Court has discretion whether to exercise it. *See Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998) ("We review for an abuse of discretion the district court's decision to exercise, or not to exercise, supplemental jurisdiction.").

## II. RELEVANT FACTS

Having already considered and decided three summary judgment motions in this case, the Court is familiar with the facts of this case and sees no need to state them again here. Therefore, the Court will start by adopting the recitation of facts from the memorandums issued in conjunction with the orders in the previous summary judgment motions (*See* Court File No. 107, pp. 3-6; Court File No. 317, pp. 4-7; Court File No. 328, pp. 3-9). Plaintiff's second amended complaint alleges various causes of action against two groups of defendants, who are referred to as the "Law Enforcement Defendants" and the "Medical Provider Defendants" (Court File No. 159). The Law Enforcement Defendants are Polk County, Tennessee; the Polk County Sheriff's Department; the Polk County

Sheriff, individually and in his official capacity; and several correctional officers employed by the Polk County Sheriff. The Medical Provider Defendants are National Healthcare of Cleveland, Inc., d/b/a/ Cleveland Community Hospital ("CCH") and Dr. Fall. Upon entry of the Court's orders on the previous motions for summary judgment, only the following Law Enforcement Defendants and the claims against them remain in this lawsuit: (1) Plaintiff's claims pursuant to 42 U.S.C. § 1983 for denial and/or delay of medical care and excessive use of force and pursuant to state law for battery, intentional infliction of emotional distress, and negligence against Defendant Bobby Copeland in his individual capacity, and (2) Plaintiff's claim pursuant to 42 U.S.C. § 1983 against Polk County, Tennessee. The issue now before the Court will determine if the claims against the Medical Provider Defendants will proceed to trial.

## III. DISCUSSION

Defendants argue the Court lacks subject matter jurisdiction over the claims against them since the state-law claims against them and the federal-law claims against the Law Enforcement Defendants do not derive from a common nucleus of operative fact. Alternatively, Defendants argue if the Court does possess subject matter jurisdiction over the claims against them, the Court may decline to exercise such jurisdiction because trying the state and federal claims together will lead to jury confusion and judicial inefficiency. Plaintiff argues Defendants' motion should be denied because his injury was a result of "a single common nucleus of operative facts" and no exceptional circumstances are present to justify declining jurisdiction over the state-law claims. Pl.'s Memo at 10.

Federal courts have "jurisdiction over an entire action, including state-law claims, whenever

the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Soliday v. Miami County, Ohio*, 55 F.3d 1158, 1165 (6th Cir. 1995) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988)). This principle is codified in 28 U.S.C. § 1367(a), which addresses when a federal court has supplemental jurisdiction over state-law claims. Section 1367(a) provides, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "In other words, if there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Campanella*, 137 F.3d at 892.

At the outset, the Court notes it has original jurisdiction over Plaintiff's § 1983 claims for denial and/or delay of medical care and excessive use of force against Defendant Bobby Copeland in his individual capacity, and Plaintiff's § 1983 claim against Polk County, Tennessee because they present federal questions. Therefore, as long as the state-law claims share a common nucleus of operative fact with the federal-law claims, the Court will exercise its supplemental jurisdiction.

Defendants rely on *Soliday v. Miami County, Ohio et al.*, 55 F.3d 1158 (6th Cir. 1995) and *Salei v. Boardwalk Regency Corp.*, 913 F.Supp. 993 (E.D. Mich. 1996) to support their position the state-law claims against them and the federal-law claims against the Law Enforcement Defendants do not share a common nucleus of operative fact. In *Soliday*, the court held it did not have supplemental jurisdiction over the plaintiff's state-law claim against a coroner because it was distinct and separable from the plaintiff's federal-law claim against Miami County and two of its

4

employees at the jail for being deliberately indifferent to the decedent's serious medical needs. 55 F.3d at 1165. Similarly, in *Salei*, the court held it did not have supplemental jurisdiction over the plaintiff's state-law claims where two separate factual inquiries would be required to resolve the plaintiff's state and federal claims. 913 F.Supp. at 1000.

The facts in both *Soliday* and *Salei*, however, are distinguishable from the facts in the instant action. In *Soliday*, the state and federal claims involved two different injuries which would require two different factual inquires. The federal-law claims alleged a delay in medical treatment of an arrestee, which resulted in his death, while the state-law claims involved the coroner cremating the arrestee's body before contacting the family. Likewise, in *Salie*, the claims at issue required two separate factual inquiries. The federal-law claim involved the defendant's procurement of the plaintiff's credit report while the state-law claim involved the defendant's alleged breach of the terms of a settlement agreement. By contrast, in the instant case, Plaintiff suffered one injury, and the facts surrounding the federal-law claim against the Law Enforcement Defendants for delay in medical treatment are intertwined with the facts surrounding the state-law claim against the Medical Provider Defendants for medical malpractice.

The Court cannot agree the events surrounding the medical malpractice claims against Defendants do not share a common nucleus of operative fact with the delay in medical treatment claims against the Law Enforcement Defendants. The claims against the Law Enforcement Defendants involve a determination of whether Plaintiff had a serious medical need and whether the officers had a sufficiently culpable state of mind in delaying medical care. Where, as here, the delay-of-treatment claim involves a non-obvious injury, Plaintiff must submit verifying medical evidence showing the detrimental effect of the delay. Conversely, Plaintiff's medical malpractice

claims involve a determination of what the recognized standard of acceptable professional practice is, whether the Defendant's actions met that standard of care, and if not, whether as a proximate result of those actions, Plaintiff suffered injuries which would have otherwise not occurred. While Plaintiff's federal and state claims have different substantive requirements, the facts necessary to prove each claim necessarily overlap.

For example, in submitting verifying medical evidence showing the detrimental effect of the delay, facts surrounding what occurred once Plaintiff arrived at the hospital, including Plaintiff's ultimate diagnosis, will likely be relevant. Additionally, facts about what occurred at the jail will likely bear on whether medical malpractice occurred since the doctors likely relied on such information to diagnosis Plaintiff's condition. More importantly, however, it appears the facts pertinent to the state-law and federal-law claims are so intertwined that it is unclear whether it was the alleged delay in medial treatment and/or use of excessive force at the jail or the alleged medical malpractice in failing to promptly and accurately diagnose Plaintiff's condition that led to Plaintiff's injury in this case. In such a situation, the Court believes a plaintiff would ordinarily be expected to try these claims in one judicial proceeding. Accordingly, the Court finds it has supplemental jurisdiction over the state-law claims against Defendants, and the Court rejects Defendants arguments to the contrary.

Likewise, the Court rejects Defendants' alternative argument the Court should decline to exercise supplemental jurisdiction over the state law claims against them since it will result in judicial inefficiency and jury confusion. This Court may decline to exercise supplemental jurisdiction over a state-law claim if:

(1) the claim raises a novel or complex issues of State law,
(2) the claim substantially predominates over the claim or claims over which the

district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). None of these circumstances exists in this case. Further, the Court believes carefully drafted jury instructions will alleviate any possible jury confusion as it relates to evidence of medical expenses, expert testimony, and damages, which were the concerns cited by Defendants in their brief as sources of possible jury confusion. In the absence of the four factors stated above, the Court will exercise its supplemental jurisdiction over the state-law claims against Defendants.

**IV. CONCLUSION**

For the reasons discussed above, the Court will **DENY** Defendants' motion to dismiss for lack of subject matter jurisdiction (Court File No. 128). As a result, Plaintiff's claim against Dr. Fall for medical malpractice and Plaintiff's claim that CCH is vicariously liable for the alleged fault of Dr. Fall will proceed to trial.

An order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**