UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| BENNIE J. POTEET, II, Individually and by and through EVELYN POTEET, as conservator of Bennie Joe Poteet, II,<br><br>*Plaintiffs*,<br>v.<br><br>POLK COUNTY, TENNESSEE, *et al.*,<br><br>*Defendants*. | Case No. 1:05-CV-309<br><br>Chief Judge Curtis L. Collier |

**O R D E R**

Before the Court is Plaintiff Bennie Poteet, II's, both individually and by and through Evelyn Poteet, his conservator ("Plaintiff") third motion for leave to amend his complaint (Court File No. 321) as well as his supporting brief (Court File No. 322).[1] In light of the pending trial date, the Court will consider Plaintiff's motion before the time to respond has expired and without a hearing.

In his motion to amend, Plaintiff seeks leave to amend his complaint to: (1) add a claim for punitive damages against Defendant National Healthcare of Cleveland, Inc. d/b/a Cleveland Community Hospital ("Defendant Hospital"), (2) clarify his factual allegations, (3) delete the Polk County John Doe Defendants, (4) reflect that the personal representative of the Estate of Bobby Copeland is now a party, and (5) remove claims against several of the Polk County Sheriff's Department deputies in their individual capacities. As the Court noted in its previous memorandum (Court File No. 328), Plaintiff's fifth request been rendered moot, since Plaintiff filed his motion for

---

[1] Plaintiff also submitted his proposed third amended complaint (Court File No. 321, Attachment 1).

leave to amend on the same day the Court entered an order dismissing Defendants Polk County Sheriff's Department as well as Sheriff Bill Davis, Joshua Jenkins, Michael Griffith, Sarah Boring, and James Burris in both their individual and official capacities (Court File No. 329). Therefore, the Court will only consider Plaintiff's four other requests.

Under Fed. R. Civ. P. 15(a), a party may amend its pleading, such as a complaint, at any time it obtains the permission of the Court. FED. R. CIV. P. 15(a). Leave to amend is freely given where justice so requires, but "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff seeks to amend his complaint to add a claim for punitive damages against Defendant Hospital in conjunction with a claim the Court has previously dismissed pursuant to Defendant Hospital's motion for partial summary judgment (Court File No. 318).[2] Therefore, Plaintiff is improperly seeking to reassert a claim which the Court has already dismissed.[3] Regardless, the Court finds allowing Plaintiff to add a punitive damages claim against Defendant Hospital at this late stage in the action would cause Defendant Hospital undue prejudice.

In deciding whether to grant Plaintiff's motion for leave, the Court will consider the effect on both parties, including the hardship to Plaintiff in denying his request, the reasons he failed to include a punitive damages claim in his previous complaints, and the injustice to Defendant Hospital

---

[2] The Court has previously dismissed all direct claims against Defendant Hospital. Plaintiff's only remaining claim against Defendant Hospital is whether it is vicariously liable for the alleged medical malpractice of its employee, Defendant Dr. Adam Fall.

[3] This is true regardless of whether Plaintiff intends on filing a motion to alter or amend the Court's previous decision granting Defendant Hospital's motion for partial summary judgment.

if the Court granted leave. Even though Plaintiff may be harmed if he is not allowed to bring this claim, he has not provided the Court with any justification for his late request. Plaintiff has previously been granted leave on November 13, 2006 to file his amended complaint (Court File No. 87) and on March 1, 2007 to file his second amended complaint (Court File No. 153). The Court finds Plaintiff has not provided sufficient reasons why he did not include a punitive damages claim against Defendant Hospital in his first two amended complaints.

Punitive damages are permitted under Tennessee law if the plaintiff proves by clear and convincing evidence that defendant acted intentionally, fraudulently, maliciously, or recklessly. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992). Plaintiff's existing claims against Defendant Hospital assert negligence, which encompasses a different legal standard. Plaintiff filed his motion for leave two weeks before the trial date. Obviously, that is not sufficient time for Defendant Hospital to conduct discovery, gather evidence, and/or prepare for trial concerning a claim involving a completely different legal standard. Requiring Defendant Hospital to defend against this new claim without sufficient time to prepare its defense would cause Defendant Hospital to suffer undue prejudice. Additionally, there is no doubt Plaintiff's proposed amendment would result in added expense and burden on Defendant Hospital. The Court finds this injustice outweighs any potential harm to Plaintiff. "Prejudice, as noted in *Foman,* . . . is a legitimate basis for denial of leave to amend." *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir.1986)(referring to *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff's remaining requested amendments are merely for clarification purposes and therefore unnecessary. Plaintiff will be afforded ample opportunity to clarify his factual allegations at trial. It is not necessary to amend the complaint to delete the Polk County John Doe Defendants

since it is Plaintiff's decision as to whether or not to pursue claims against them at trial. Additionally, the record already reflects the personal representative of the Estate of Bobby Copeland has been substituted as a party defendant for Bobby Copeland, deceased (Court File No. 319).[4] As a result, the Court finds these requested amendments will cause unnecessary delay and expense to the parties.

Accordingly, for the foregoing reasons, Plaintiff's motion for leave to amend (Court File No. 321) is **DENIED** in its entirety.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[4] Additionally, Amy Mason, the personal representative of the Estate of Bobby Copeland has already filed an answer on the estate's behalf (Court File No. 331).