UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| BENNIE J. POTEET, II, Individually and by and through EVELYN POTEET, as conservator of Bennie Joe Poteet, II, <br><br>*Plaintiffs*, <br>v. <br><br>POLK COUNTY, TENNESSEE, *et al.*, <br><br>*Defendants.* | Case No. 1:05-CV-309 <br><br>Chief Judge Curtis L. Collier |

## **O R D E R**

Before the Court is Plaintiff Bennie Poteet, II's, both individually and by and through Evelyn Poteet, his conservator ("Plaintiff") motion to alter or amend, or in the alternative, to set aside the Court's order on Defendant National Healthcare of Cleveland, Inc., d/b/a Cleveland Community Hospital's ("Defendant Hospital") motion for partial summary judgment (Court File No. 361) as well as a brief in support (Court File No. 362). On April 11, 2007, the Court entered its order denying Plaintiff's motion to strike the affidavits of Dawn Haynes, R.N. and John Hyde, Ph.D. and granting Defendant Hospital's motion for partial summary judgment ("order") (Court File No. 318) as well as an accompanying memorandum ("memorandum") (Court File No. 317). After entry of this order the only claim remaining against Defendant Hospital is Plaintiff's claim that Defendant Hospital is vicariously liable for the alleged fault of its employee Defendant Dr. Adam Fall ("Dr. Fall"). Plaintiff moves the Court to alter or amend its order pursuant to Federal Rule of Civil Procedure 59(e), or in the alternative, to set aside its order pursuant to Federal Rule of Civil Procedure 60(b).

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") authorizes motions to alter or amend

a judgment if filed within ten days. This Court has considerable discretion whether to alter or amend a prior judgment pursuant to Rule 59(e). *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of such a motion is to bring newly discovered evidence or a manifest error of law or fact to the Court's attention. *Helton v. ACS Group*, 964 F.Supp. 1175, 1182 (E.D. Tenn. 1997); *Milwee v. Peachtree Cypress Inv. Co.*, 510 F.Supp. 284, 289-90 (E.D. Tenn. 1978). Accordingly, the Court "may grant a Rule 59(e) motion to alter or amend judgment only if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

"In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied." 11 Charles Alan Wright, et al., Federal Practice and Procedure Civil 2d § 2810.1; *see also Ruscavage v. Zuratt*, 831 F.Supp. 417, 418 (E.D. Pa. 1993) (noting Rule 59(e) motions "should be granted sparingly because of the interests in finality and conservation of judicial resources"). Therefore, when deciding such motions, the Court must balance the need for finality with the need to render just decisions. *Edward H. Bohlin Co., Inc.*, 6 F.3d at 355.

In its memorandum the Court indicated it would not consider any briefs or evidence filed after the applicable deadline for Plaintiff's response, which was March 5, 2007, since Plaintiff filed some documents in non compliance with the Local Rules of the Eastern District of Tennessee ("Local Rules") as well as other rules and contrary to the Court's previous orders (Court File No. 317). Plaintiff asserts two primary grounds as support for his motion to alter or amend: (1) the evidence in the record as of March 5, 2007 made summary judgment inappropriate as a genuine

2

issue of material fact existed, and (2) the parties, by agreement, were still conducting discovery as of March 5, 2007 and there is additional testimony and/or documents, which were obtained after the deadline that create genuine issues of material fact (Court File No. 362). Plaintiff's first contention does not serve as sufficient grounds to alter or amend the Court's order since Plaintiff did not state a clear error of law had occurred, newly discovered evidence was found, an intervening change in controlling law occurred or there was a need to prevent manifest injustice. Therefore, Plaintiff's motion can properly be denied based upon his first contention. *See Speiser v. Engle*, 107 Fed.Appx. 459, 462 (6th Cir. 2004) ("Since Speiser's motion neither points to any alleged errors of law nor presents newly discovery evidence, the district court properly denied the motion."); *Henderson*, 469 F.3d at 496 (recognizing a Rule 59(e) motion should be granted *only if* there is a clear error of law, newly discovered evidence, an intervening change in controlling law or a need to prevent manifest injustice) (emphasis added).

Plaintiff's second contention also does not provide sufficient grounds to alter or amend the Court's order. Regardless of whether the parties may have agreed to extend the discovery period and Plaintiff may have gathered additional evidence in opposition to Defendant Hospital's motion for partial summary judgment, the scheduling order (Court File No. 26) and the Local Rules provide strict deadlines which the Court adheres to in order to control its docket. The Court maintains discretion on whether to accept untimely filings, and "the court of appeals will not interfere with the trial court's control of its docket except upon clear showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *Jones v. Northcoast Behavioral Healthcare Sys.*, 84 Fed.Appx. 597, 599 (6th Cir. 2003); *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996). The Court takes seriously, and the parties should, too, the local rules regarding the

briefing schedule for motions. The Court sets dispositive motion deadlines in its scheduling orders in order to facilitate efficient and timely resolution of such motions before trial. The dispositve motion deadline was February 12, 2007. The Local Rules provide a twenty-day deadline to respond to dispositive motions, which was March 5, 2007. Defendant Hospital timely filed a reply brief on March 12, 2007. The scheduling order provides a trial date of April 30, 2007. In order for the Court to adequately address dispositive motions prior to trial, there must be a cut-off deadline concerning such motions. Therefore, the Court did not err in disregarding any evidence or document filed after the applicable deadline, March 5, 2007.

Plaintiff contends the evidence he collected in the course of discovery after the applicable deadline to respond to Defendant's motion for summary judgment qualifies as "newly discovered evidence." Plaintiff argues this "new" evidence creates genuine disputes of material fact which require the Court to alter or amend its previous order to prevent manifest injustice. This "new" evidence consists of deposition testimony of the two affiants Defendant Hospital relied upon in support of its motion for partial summary judgment (Dawn Haynes, R.N. and John Hyde, Ph.D.), the deposition testimony of Defendant Hospital's corporate representative, Susan Lewis, as well as certain documents from Dr. Fall's personnel file. Regardless of any agreement between the parties to extend discovery, the Court finds Plaintiff was dilatory in conducting discovery and this "new" evidenced is untimely. A review of the record reveals Plaintiff has filed only two (2) motions to compel discovery in this case. Neither of these motions to compel concern these three depositions or documents. Therefore, even though Plaintiff's counsel may have been attempting to accommodate the schedules of many other lawyers, experts, and witnesses, he was aware of the dispositive motion deadline since the entry of the scheduling order on March 10, 2006 and choose

to conduct this discovery after that deadline. Accordingly, the Court finds Plaintiff has not provided sufficient reason for the Court to alter or amend its previous order pursuant to Rule 59(e).

Under Rule 60 of the Federal Rules of Civil Procedure, a court has discretion to provide relief from a judgment or order upon a showing of cause. Rule 60(a) addresses clerical errors. Rule 60(b) addresses all other bases for reconsideration:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). With regard to the catch-all provision of Rule 60(b)(6), the United States Court of Appeals for the Sixth Circuit has stated:

> Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. Courts, however, must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present.

*Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (citations and quotation marks omitted).

Motions to reconsider under Rule 60(b) are "opportunit[ies] for [the district court] to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *United States v. Davis*, 939 F. Supp. 810, 812 (D. Kan. 1996). Rule 60(b) motions are addressed to the sound discretion of the district court, which must balance the ends of justice with public interest in the finality of the court's decisions. *FHC Equities,*

5

*L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 683 (6th Cir. 1999); *Aetna Cas. & Sur. Co. v. Home Ins. Co.*, 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000). "[A] Rule 60(b) motion is not a substitute for an appeal." *Kai Wu Chan v. Reno*, 932 F. Supp. 535, 539 (S.D.N.Y. 1996).

Plaintiff argues that even if the Court does not alter its previous order, Rule 60(b) provides the Court with a mechanism to exercise its broad discretion to prevent injustice. Plaintiff makes essentially the same arguments in support of this contention and fails to exhibit any exceptional circumstances which would require the Court to exercise its discretion under Rule 60(b).[1] For the foregoing reasons and in light of the imminent trial date, the Court finds Plaintiff has not provided sufficient reason to vacate its previous order.

Accordingly, the Court **DENIES** Plaintiff's motion to alter or amend, or in the alternative, set aside the Court's order denying Plaintiff's motion to strike the affidavits of Dawn Haynes, R.N. and John Hyde, Ph.D. and granting Defendant Hospital's motion for partial summary judgment (Court File No. 361).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff also notes the parties have recently settled all federal claims, and only state law claims remain for trial. Plaintiff argues that if the Court chooses not to exercise its discretionary supplemental jurisdiction over the remaining state law claims, it should vacate it previous order. This argument has no merit as the state court may reconsider any rulings of this Court.