UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| BENNIE J. POTEET, II, Individually and by and through EVELYN POTEET, as conservator of Bennie Joe Poteet, II,<br><br>    *Plaintiffs*,<br>v.<br><br>POLK COUNTY, TENNESSEE, *et al.*,<br><br>    *Defendants*. | Case No. 1:05-CV-309<br><br>Chief Judge Curtis L. Collier |

## **O R D E R**

On April 24, 2007, the parties were ordered to show cause by 1:00 p.m. on Wednesday, April 25, 2007 why the Court should not dismiss this action (Court File No. 356). On April 25, 2007, Plaintiff Bennie Poteet, II, both individually and by and through Evelyn Poteet, his conservator ("Plaintiff") filed a response to the Court's show cause order (Court File No. 358), Defendant Dr. Adam Fall ("Dr. Fall") filed a response to the Court's show cause order (Court File No. 359), and Defendant National Healthcare of Cleveland, Inc., d/b/a Cleveland Community Hospital ("Defendant Hospital") filed a response to the Court's show cause order (Court File No. 360).

After entry of the Court's orders concerning the parties' dispositive motions, the claims remaining for trial include: (1) Plaintiff's federal claim pursuant to 42 U.S.C. § 1983 and state law claims for battery, intentional infliction of emotional distress, and negligence against the Estate of Bobby Copeland, (2) Plaintiff's federal claim pursuant to 42 U.S.C. § 1983 against Polk County, Tennessee, (3) Plaintiff's state law medical malpractice claim against Dr. Fall, and (4) Plaintiff's state law claim that Defendant Hospital is vicariously liable for the alleged fault of its employee Dr. Fall.

As previously noted, the Court has received written representations from the parties that all Plaintiff's claims, including his federal claims, against Polk County, Tennessee and the Estate of Bobby Copeland have been settled and compromised.[1] Therefore, the Court **DISMISSES** all of Plaintiff's claims against Polk County, Tennessee and the Estate of Bobby Copeland **WITH PREJUDICE**.

Since the Court has dismissed all claims over which it has original jurisdiction, it has the discretion to decline to exercise jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c). "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996)(citing *Transcontinental Leasing, Inc. v. Michigan Nat'l Bank of Detroit*, 738 F.2d 163, 166 (6th Cir. 1984). The dismissal of claims over which the federal court had original jurisdiction creates a presumption in favor of dismissing any state law claims. *Nali v. City of Grosse Pointe Woods*, No. 04-10235-BC, 2006 WL 2042379, *12 (E.D. Mich. July 20, 2006)(citing *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002)).

In his response to the Court's show cause order, Plaintiff indicates dismissal of this case will substantially delay a resolution of his claims and he is ready to proceed to trial. Plaintiff also argues that if the Court declines to exercise its supplemental jurisdiction, it should vacate two of its previous orders: (1) the order denying Dr. Fall and Defendant Hospital's motion to dismiss (Court File No. 334), and (2) the order granting Defendant Hospital's motion for partial summary judgment

---

[1] The Court has received written communications from Plaintiff's counsel that all federal claims have been settled and counsel for Defendants Polk County, Tennessee and the Estate of Bobby Copeland have not indicated otherwise. The Court is awaiting a signed stipulation to this effect.

(Court File No. 318). The Court does not believe these orders should be vacated. The Court's order denying Dr. Fall and Defendant Hospital's motion to dismiss was premised upon the Court's retention of the pending federal claims, which have now been dismissed. Additionally, Plaintiff has not presented the Court with a sufficient reason to vacate its previous order granting Defendant Hospital's motion for partial summary judgment.

Dr. Fall requests that the Court decline to exercise its supplemental jurisdiction over Plaintiff's state law claims and indicates it would be more appropriate for the state law claims to be tried in state court. Defendant Hospital requests that the Court exercise its supplemental jurisdiction over Plaintiff's state law claims because the Court has made several substantive rulings, and the parties have expended substantial resources in preparing for trial, which is scheduled to begin on April 30, 2007.

In deciding whether to exercise its supplemental jurisdiction, a district court should consider factors such as judicial economy, convenience, fairness, and comity. *Musson*, 89 F.3d at 1254 (citations and quotations marks omitted). In reviewing these factors, the Court is aware that this action has been pending since November 2005, the docket is voluminous, and trial is imminent; however, the Court believes the parties' trial preparation will not be for nought. That trial preparation will be useful in a trial in state court. The remaining state law claims involve medical malpractice, which is largely regulated by statute under Tennessee law and would be litigated more efficiently and effectively in the state courts of Tennessee, which have expertise in these matters. Additionally, when all federal claims are eliminated before trial, the balance of factors points toward declining to exercise jurisdiction over the remaining state law claims. *Taylor v. First of America Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992)(citations and quotation marks omitted); *see also*

*Musson*, 89 F.3d at 1254-55 (indicating the Sixth Circuit has consistently upheld this principle).

For the foregoing reasons, the Court declines to exercise its supplemental jurisdiction and **DISMISSES** all of Plaintiff's remaining state law claims, including those against National Healthcare of Cleveland, Inc., d/b/a Cleveland Community Hospital, and Dr. Adam Fall, **WITHOUT PREJUDICE**.

Accordingly, the Court **DISMISSES** Plaintiff's action in its entirety and the Clerk of the Court is **DIRECTED** to close this case.

  **SO ORDERED.**

  **ENTER:**

                **/s/**
                **CURTIS L. COLLIER**
                **CHIEF UNITED STATES DISTRICT JUDGE**